# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Naylor,               :
            Petitioner     :
                     :
        v.           :  No. 557 C.D. 2015
                     :  SUBMITTED: September 25, 2015
Pennsylvania Board of Probation  :
and Parole,              :
            Respondent   :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**              **FILED: February 9, 2016**


Petitioner, Michael Naylor, petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board) denying Petitioner's petition for administrative review of the most recent change to his parole violation maximum sentence date. Additionally, Petitioner's counsel, Tina M. Fryling, Esquire, petitions for leave to withdraw her representation, asserting that Petitioner's appeal is meritless. For reasons set forth below, we deny Attorney Fryling's petition to withdraw her appearance as counsel.

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

Suffice it to say that, by notice mailed on February 13, 2015, which referenced a Board decision recorded on February 2, 2015, the Board informed Petitioner of his "recommit[ment] to a state correctional institution as a technical parole violator to serve 6 months, and as a convicted parole violator to serve 6 months, concurrently, for a total of 6 months [backtime]." Certified Record, Notice of Board Decision, mailed February 13, 2015, at 1. Petitioner's new parole violation maximum date was listed as August 14, 2018. Petitioner, representing himself, promptly filed a request for administrative review with the Board, arguing the Board miscalculated his parole violation maximum date and requesting the Board to re-issue an official action providing for a parole violation maximum date of September 23, 2016. The Board denied Petitioner's review request, determining that the August 14, 2018, parole violation maximum date was correct.

Attorney Fryling filed a petition for review with this Court on Petitioner's behalf, asserting the Board's imposition of an incorrect parole violation maximum date. She also filed a petition for leave to withdraw as counsel and a *Turner* letter[2] in support thereof. Pursuant to *Turner*, counsel aiming to withdraw from the representation of a petitioner who seeks review of a Board determination must proffer a "no-merit" letter detailing the nature and extent of counsel's review and listing the discrete issues that the petitioner wishes to raise, with counsel's reasons why those issue lack merit. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (relying on *Turner*, 544 A.2d at 928). If counsel fails to satisfy the technical requisites of a no-merit letter, this Court will deny the attorney's request to withdraw representation, and we will direct counsel either to file a new request with supporting documents complying with the technical

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

requisites of a no-merit letter or a brief advocating on the petitioner's behalf. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43-44 (Pa. Cmwlth. 2010); *Zerby*, 964 A.2d at 960.

Here, while Attorney Fryling correctly notes in her *Turner* letter that Petitioner objects to the recalculation of his parole violation maximum date, she incorrectly states his maximum date as being September 23, 2016, which is apparently the previous maximum date that Petitioner wants reinstated. Again, Petitioner in his request for administrative review to the Board dated February 22, 2015, objected to the calculation of his parole violation maximum date as August 14, 2018. Although Attorney Fryling argues that "[t]he Board's parole violation maximum sentence date was calculated correctly," *Turner* letter at 3, counsel's lack of knowledge regarding Petitioner's actual parole violation maximum date is clearly fatal to her withdrawal petition. This Court will not conduct an independent examination of the merits of Petitioner's review petition until we are satisfied that counsel has fully met her obligations pursuant to *Turner*.

`

---

**BONNIE BRIGANCE LEADBETTER,**
Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Naylor,                                  :
                        Petitioner              :
                                                 :
              v.                                 :        No. 557 C.D. 2015
                                                 :
Pennsylvania Board of Probation                  :
and Parole,                                      :
                        Respondent              :

## **O R D E R**

AND NOW, this 9th day of February, 2016, Tina M. Fryling's petition to withdraw as counsel is denied, without prejudice. Counsel is directed to refile her petition to withdraw or file a brief in support of Michael Naylor's petition for review within thirty (30) days of this order.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge